IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-01214-WDM-KLM

MARY FLAMINIA CANNIZZO, and
PAUL CHESTER CANNIZZO,

      Plaintiff(s),

v.

LAB CORPORATION OF AMERICA,

      Defendant(s).
_____

## MINUTE ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter comes before the Court on **Plaintiff(s) Motion to the Court of Disputed Issues to Scheduling Order** [Docket No. 34; filed October 24, 2007] (the "Motion").

      Plaintiffs raise a variety of issues in their Motion.  First, Plaintiffs appear to request that this Court require that Defendant waive its right to an appeal.  Waiver is "the voluntary abandonment or surrender . . of rights known . . . to exist, with intent that such right be surrendered and such person forever deprived of its benefit."  *Laymon v. McComb*, 524 F.Supp. 1091, 1095 (D.C.Colo. 1981) (emphasis provided).  As waiver of appellate rights must be both knowing and voluntary, this Court cannot, and will not, require that Defendant waive its right to appeal.  This request is **DENIED.**

      Second, Plaintiff states that there may be a potential conflict of interest in the case, as one of Defendant's attorneys (apparently Ms. Malik) "may be related to one of the Plaintiff(s) . . . ."  As a general rule, courts do not normally disqualify attorneys on the grounds of potential conflict of interest unless a former client moves for disqualification. *Beck v. Board of Regents of State of Kan.*, 568 F.Supp. 1107, 1110 (D.C. Kan., 1983).  As Plaintiffs have made no allegations that they are former clients of Ms. Malik, they lack standing to disqualify Ms. Malik as an attorney for Defendant.  *Id.*  This request is **DENIED**.

Third, Plaintiffs appear to seek to add four additional deponents to the deposition schedule set in the scheduling order. However, at the Scheduling Conference held before me on October 24, 2007, I set a limitation of ten depositions per side, excluding experts [Docket No. 36]. As Plaintiffs have already listed the ten individuals who they intend to depose, they may not add four additional persons without showing good cause. This request is **DENIED.**

Finally, Plaintiffs also appear to seek to change the interrogatory deadline I set at the Scheduling Conference from October 31, 2007 to December 31, 2007 and the request for production of documents deadline from October 31, 2007 to November 30, 2007. As Plaintiffs have not shown good cause to amend the scheduling order, their requests are **DENIED**. The Scheduling Order stands as originally entered.

Accordingly, IT IS HEREBY ORDERED that **Plaintiff(s) Motion to the Court of Disputed Issues to Scheduling Order** [Docket No. 34; filed October 24, 2007] is **DENIED.**

Dated: October 30, 2007