IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-01214-WDM-KLM

MARY FLAMINIA CANNIZZO, and
PAUL CHESTER CANNIZZO,

     Plaintiff(s),

v.

LAB CORPORATION OF AMERICA,

     Defendant(s).

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

This matter is before the Court on **Defendant's Motion for Dismissal of Complaint** [Docket No. 22; filed August 8, 2007]; **Defendant's Memorandum of Law in Support of Motion for Dismissal of Complaint** [Docket No. 23; filed August 8, 2007]; **Plaintiff(s) Oppose Motion to Dismiss, and Petition the Court to Proceed this Civil Action with All Claims for Relief as Filed** ("Plaintiffs' Response") [Docket No. 26; filed August 13, 2007]; and **Defendant's Reply Brief in Support of Motion for Dismissal of Complaint** ("Defendant's Reply") [Docket No. 27; filed August 28, 2007].  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.L.Civ.R. 72.1.C., the matter has been referred to this Court for recommendation.  For the reasons set forth below, the Court recommends

that **Defendant's Motion for Dismissal of Complaint** [Docket No. 22; filed August 8, 2007] be **GRANTED in part and DENIED in part.**

## I.      Statement of the Case

Plaintiff Mary Flaminia Cannizzo was employed as a Patient Service Technician Specialist at Defendant's Lakewood, Colorado site from September 10, 2001 to September 5, 2006.   Apparently, Defendant accused her spouse, Plaintiff Paul Chester Cannizzo, of certain Health Insurance Portability and Accountability Act ("HIPAA") violations involving accessing Defendant's computer and entering Defendant's facility without permission while Ms. Cannizzo was on duty.   Ms. Cannizzo's employment was terminated on September 5, 2006.    Ms. Cannizzo filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 12, 2007, alleging discrimination on the basis of age and national origin.   On March 15, 2007, Ms. Cannizzo received a right to sue letter from the EEOC, stating that she had the right to file suit under Title VII, the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA") and the Equal Pay Act.   On June 8, 2007, Plaintiffs timely filed their *pro se* complaint, alleging violations of their rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e*, and* 42 U.S.C. § 1981.   Plaintiffs allege that Defendant discriminated against Mary Cannizzo[1]

---

[1]Although it is not entirely clear, Plaintiffs also appear to allege that Defendant discriminated against Mr. Cannizzo on the same grounds.

on the basis of her race, color, national origin and age.[2]

Defendant has filed a Motion to Dismiss.  In support of its Motion, Defendant asserts three bases for dismissal of the complaint: (1) Plaintiff Paul Cannizzo does not have standing to sue Defendant under Title VII and Section 1981 with respect to employment actions that were taken against his wife; (2) Plaintiff Mary Cannizzo failed to exhaust her administrative remedies;  and (3) Plaintiff Mary Cannizzo fails to adequately allege a *prima facie* case of discrimination.

## II.    Discussion

### A.    Legal Standards Applicable to Plaintiffs' Claims

#### 1.    Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)

Subject matter jurisdiction is the legal doctrine establishing the court's authority to hear a case.  Subject matter jurisdiction cannot be waived.  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  When reviewing a facial attack on a complaint pursuant to Fed. R. Civ. P. 12(b)(1), the Court accepts the allegations of the complaint as true.  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  Here, Defendant asserts that the Court lacks subject matter jurisdiction over this action because Plaintiff Mary Cannizzo has failed to exhaust her administrative remedies.

---

[2]Plaintiffs' Fifth Claim for Relief states "age discrimination is one of the principal motives of terminating Plaintiff(s) Mary Flaminia Cannizzo from her employment . . . ."  *Complaint*, p. 5.  This claim is presumably brought pursuant to the Age Discrimination in Employment Act. 29 U.S.C. § § 621-634.

2.      **Motion to Dismiss Pursuant to Federal Rule of Civil Procedure**

**12(b)(6)**

When deciding a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, ____ U.S. ____, 127 S.Ct. 2197 (2007).  Courts should look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007).  That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007).  The complaint must sufficiently allege facts supporting all elements necessary to establish entitlement to relief under the legal theory or theories proposed. *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007).  As the Tenth Circuit has explained, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  Here, Defendant asserts that Plaintiffs fail to state claims for which relief could be granted pursuant to the ADEA, Title VII and 42 U.S.C. § 1981.

Finally, because Plaintiffs here are proceeding *pro se*, the Court construes their pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).  Even so, Plaintiffs still retain "the burden of alleging sufficient facts on which a

4

recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because a "*pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

## B.    Analysis

### 1.    Claims Asserted By Plaintiff Paul Chester Cannizzo

Paul Chester Cannizzo is identified as a named plaintiff in this action. Defendant contends that all claims asserted by Mr. Cannizzo must be dismissed, as "the Complaint is not only devoid of any allegations of discrimination against Mr. Cannizzo based on his age, race, or any other characteristic, but also fails to allege that Mr. Cannizzo had the requisite underlying relationship with Defendant to support a claim under either Title VII or § 1981." *Defendant's Memorandum*, p. 3. Plaintiffs argue that Mr. Cannizzo is properly a plaintiff, as "[h]e is the cause of this suit and is the spouse of [Ms. Cannizzo] for the past 40 years . . . ." *Plaintiffs' Response*, p. 3. Plaintiffs appear to assert that if Mr. Cannizzo's alleged HIPAA violations provided the justification for Ms. Cannizzo's termination, Mr. Cannizzo would have a cause of action against Defendant pursuant to either the ADEA, Title VII or § 1981.

### i.    ADEA and Title VII Claims

The ADEA provides protection to employees against discrimination in employment on the basis of age. 29 U.S.C. § 621 *et seq.* Title VII provides protection to employees against discrimination in employment on the basis of race, color, religion, sex or national

origin.  42 U.S.C. § 2000e *et seq.*  Both the ADEA and Title VII apply only where there is

an employment relationship between the parties.  *Williams v. Meese*, 926 F.2d 994, 997

(10th Cir. 1991); *see also Messina v. Kroblin Transp. Sys., Inc.,* 903 F.2d 1306, 1308 (10th

Cir. 1990) (finding "it is appropriate for courts to use the law developed in the context of

Title VII cases in ADEA disputes").  Moreover, "[w]hether a plaintiff is an 'employee' for

purposes of Title VII is a question of federal law."  *Williams,* 926 F.2d at 997.   Plaintiffs'

Complaint does not contain allegations that Mr. Cannizzo and Defendant had an

employment relationship, and there is no evidence that such a relationship existed.  I

conclude that Mr. Cannizzo is not an "employee" under Title VII or the ADEA because his

relationship with Defendant arises out of his status as Ms. Cannizzo's spouse, not out of

employment.  As Mr. Cannizzo has no employment relationship with Defendant, he cannot

pursue a claim for discrimination against Defendant pursuant to Title VII or the ADEA.  *Id.*;

*Houston v. Mile High Adventist Academy*, 846 F. Supp. 1449, 1457 (D.Colo. 1994).

Accordingly, Mr. Cannizzo has failed to state a claim for age, race, color or national origin

discrimination.

### ii.     42 U.S.C. § 1981 Claims

42 U.S.C. § 1981 protects employees from racial discrimination both in entering into

an employment contract, and in enjoying the benefits, privileges, terms, and conditions of

employment. *See Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1134 (10th Cir. 2004)

(citing *Harris v. Allstate Ins. Co.*, 300 F.3d 1183, 1186-87 (10th Cir. 2002)).  To establish

a Section 1981 claim, a plaintiff must show that: (1) he or she is a member of a racial

6

minority; (2) the defendant had an intent to discriminate on the basis of race; (3) the discrimination interfered with a protected activity as defined in Section 1981, *i.e.*, the making or enforcing of a contract. *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1101-02 (10th Cir. 2001); *see also Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). The Supreme Court has required that the plaintiff have "his own contractual relationship, not . . . someone else's." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). Accordingly, to state a claim under Section 1981, a plaintiff must identify "an impaired 'contractual relationship' . . . under which the plaintiff has rights." *Id.* Mr. Cannizzo has not identified any impaired contractual relationship with Defendant under which he had rights. Therefore, Mr. Cannizzo fails to state a claim for race discrimination pursuant to 42 U.S.C. § 1981. *Domino's Pizza*, 546 U.S. at 476.

Accordingly, I recommend that all claims asserted by Plaintiff Paul Chester Cannizzo be **DISMISSED**. As Mary Flaminia Cannizzo is the only remaining Plaintiff in the case, all references to "Plaintiff" hereinafter refer solely to her.

## 2.    Plaintiff's Title VII Race and Color Discrimination Claims

In her Complaint, Plaintiff purports to bring claims for "race, color or national origin discrimination." *Complaint*, Sixth Claim for Relief, p. 5. Defendant argues that Plaintiff's claims for race or color discrimination under Title VII must be dismissed, as the EEOC charge filed by Plaintiff alleged discrimination solely on the basis of age and national origin. *Defendant's Motion*, p. 5; Ex. 1.

The courts have established that a plaintiff must exhaust her administrative

7

remedies prior to instituting a Title VII action in federal court. *See, e.g., Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996); *Khader v. Aspin*, 1 F.3d 968, 970-71 (10th Cir. 1993). Failure to exhaust administrative remedies deprives a federal court of jurisdiction over a discrimination claim. *Runyon*, 91 F.3d at 1399. Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC with the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and of promoting conciliatory efforts. *See Patterson v. McLean Credit Union*, 491 U.S. 164, 180-81 (1989). Exhausting administrative remedies requires that the plaintiff timely present her claims to the EEOC and receive a right-to-sue letter based on those claims. *Simms v. Oklahoma ex rel. Dept. of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir. 1999). Because the charge of discrimination filed by an employee with the EEOC is intended to give the employer notice of the claim and permit conciliation prior to litigation, courts limit the scope of any Title VII claim to the matters raised in the EEOC charge and the administrative investigation that can reasonably be expected to follow that charge.[3] *MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005); *Robinson v. Board of Regents of University of Colorado*, 390 F.Supp.2d 1011, 1017 (D.Colo. 2005). Therefore, the question in the

---

[3]Pursuant to the Supreme Court's decision in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101(2002), the Tenth Circuit has abrogated the "continuing violation" doctrine, which previously permitted the court to consider acts subsequent to the filing of a charge that were "like or reasonably related" to the type of actions alleged in the charge, even though these subsequent actions were not part of either the original or any subsequent charge. *See Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003).

case at issue is whether the investigation of Plaintiff's charges of national origin and age discrimination could reasonably encompass her charges of discrimination based on race or color. *Id.*

Plaintiff's Complaint is far from clear, and ascertainment of the nature of her claims is correspondingly difficult. In Plaintiff's charge of discrimination filed with the EEOC, she asserted discrimination based on national origin and age discrimination, supported by two allegations. The first allegation is: "I was told that I was suspended because co-workers had seen my husband on the computer that had information on it that could result in a violation of the HIPPA [sic] Act. I deny that my husband was on any of the work computers at any time." *Defendant's Memorandum*, Ex. 1. However, any allegations regarding Mr. Cannizzo's alleged HIPAA violations are irrelevant to Plaintiff's charges of discrimination pursuant to Title VII, the ADEA or Section 1981, because they do not assert any conduct by Defendant related to Plaintiff's age, race, color or national origin. Plaintiff's second allegation of discrimination is: "[i]n the past I had been subjected in [sic] comments regarding my age and national origin. This came from my Assistant Manager. A co-worker had also made derogatory comments regarding 'those Mexicans' while on the phone." *Id.*

In contrast to her charge of discrimination, Plaintiff's Complaint asserts: "[i]t is also alleged that Race Discrimination [sic] being that Plaintiff . . . is both of a Spanish/Navajo Heritage. There are no minority supervisors in the [Defendant's] Colorado office." *Complaint*, p. 5. While is it unclear exactly what Plaintiff intends to allege in this claim for relief, it appears to be a claim related to the failure of Defendant to hire minority

9

supervisors or promote Plaintiff to a supervisory position.  Here, Plaintiff does not make any specific allegations regarding discrimination against her.   Plaintiff's sole allegation of race discrimination in her Complaint is unrelated to her EEOC charge, which asserted that her Assistant Manager subjected her to discriminatory comments regarding her age and national origin.   I find that the EEOC investigation of Plaintiff's charge that her assistant manager subjected her to discriminatory comments regarding her national origin would not reasonably encompass charges of race or color discrimination based on a failure to hire or promote. *MacKenzie*, 414 F.3d at 1274; *Robinson*, 390 F.Supp.2d at 1017.  Therefore, Plaintiff has failed to exhaust her administrative remedies for discriminatory acts involving race or color discrimination. *Id.*   Accordingly, I respectfully recommend that Plaintiff's claims for race or color discrimination be **DISMISSED**.

### 3.      Title VII, ADEA and Section 1981 Claims

Plaintiff alleges that Defendant discriminated against her on the basis of her national origin (Hispanic) and age (DOB: 11/2/1945), in violation of Title VII, the ADEA and Section 1981.  Defendant argues that Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), as Plaintiff has failed to "aver facts sufficient to satisfy the elements of a discrimination claim . . . ." *Memorandum*, p. 9.

A court should grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) only when a complaint does not include "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc.*, 493 F.3d at 1235.  The court must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable

to the plaintiff.  *Erickson*, _____ U.S. _____, 127 S.Ct. 2197 (2007).  When considering a

12(b)(6) motion, the "court's function . . . is not to weigh potential evidence that the parties

might present at trial, but to assess whether the plaintiff's complaint alone is legally

sufficient to state a claim for which relief can be granted."  *Sutton v. Utah State Sch. for

the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz*, 948 F.2d

1562, 1565 (10th Cir. 1991)).  Some claims, like those "involving state of mind (e.g. intent)

are often unsuitable for a Rule 12(b)(6) motion to dismiss."  *Pryor v. Nat'l Collegiate

Athletic Ass'n*, 288 F.3d 548, 565 (3rd Cir. 2002) (reversing Rule 12(b)(6) dismissal of a 42

U.S.C. § 2000d claim that failed to allege intent to discriminate and noting that orders

granting 12(b)(6) motions on "purposeful discrimination" claims are rarely upheld).

Defendant argues that Plaintiff has failed to "allege any facts indicating that [she]

was terminated under circumstances giving rise to an inference of discrimination."

*Memorandum*, p. 9.  Defendant asserts that Plaintiff must plead the elements required to

state a *prima facie* case pursuant to Title VII, the ADEA and Section 1981 in order to

survive a motion to dismiss, citing to *Shapolia v. Los Alamos Nat. Laboratory*, 992 F.2d

1033, 1038 (10th Cir. 1993); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973);

*Goodson v. National Ass'n of Letter Carriers, AFL-CIO*, 2007 WL 987472, *3 (D.Colo.

2007) and *Hysten v. Burlington N. & Santa Fe Ry. Co.*, 296 F.3d 1177, 1181 (10th Cir.

2002). *Memorandum*, p. 8.  The cases cited by Defendant address the plaintiff's burden

to establish a *prima facie* case in response to a summary judgment motion.  These cases

do not impose a heightened pleading standard upon a plaintiff alleging employment

discrimination. Instead, as the United States Supreme Court has explained, the *prima facie* case under *McDonnell Douglas* is an evidentiary standard rather than a pleading requirement. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002).

In *Swierkiewicz*, the Supreme Court held that "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination." *Id.* Instead, it need only contain a short statement of the claim showing that the pleader is entitled to relief. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). A plaintiff in an employment discrimination action must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). In *Swierkiewicz*, the Court held that the petitioner's complaint easily satisfied the requirements of Fed. R. Civ. P. 8(a)(2) because it gave the respondent fair notice of the bases for the claims. *Swierkiewicz*, 534 U.S. at 514. In finding the complaint adequate, the Court observed that it included the statutory grounds for the claim, "events leading to [the complainant's] termination . . . , relevant dates, and . . . ages and nationalities of at least some of the relevant persons involved with [the] termination." *Id.*

The Complaint at issue contains many assertions regarding the allegation that Mr. Cannizzo committed HIPAA violations. As previously discussed, these allegations are not relevant to Plaintiff's Title VII, ADEA and Section 1981 discrimination claims. Plaintiff's Fifth Claim for Relief contains her allegations regarding age discrimination. She states: "age discrimination is one of the principal motives of [sic] terminating [Plaintiff] from her employment . . . [c]urrently all . . . supervisors are younger than [Plaintiff]." *Complaint*, p.

5.   Plaintiff's Six Claim for Relief contains her allegations regarding national origin discrimination.  She states: "[t]here are no minority supervisors in [Defendant's] office." *Id.*  Plaintiff's Seventh Claim for Relief seems to contain allegations of discrimination, as it states "when [Plaintiff] applied for the Lab Supervisors Position . . . Sheila Cook would not accept [Plaintiff's] resume . . . [it] is alleged that for some unknown reason that [Defendant] did not want to accept [Plaintiff's] resume." *Id.* at 5-6.  The final claim for relief which may contain allegations of discrimination is Plaintiff's Eleventh Claim, which states, "[Defendant] with the help of these aforementioned managers are assumed to have indulged into a deliberate attempt to discredit, defame, harass and intimidate [Plaintiff] with the final resolution, the termination of [Plaintiff] by naming [Mr. Cannizzo] guilty of false HIPA [sic] violations." *Id.* at 7.

I must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff.  *Erickson*, ____ U.S. ____, 127 S.Ct. 2197 (2007).  However, I cannot find that Plaintiff's complaint includes "enough facts to state a claim for relief that is plausible on its face." *TON Services, Inc.*, 493 F.3d at 1235.  Even though Plaintiff proceeds *pro se*, she retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Bellmon*, 935 F.2d at 1110.  Unlike the Complaint found to be adequate in *Swierkiewicz*, the Complaint at issue does not contain "relevant dates, and . . . ages and nationalities of at least some of the relevant persons involved with [the] termination." *Id.*  Plaintiff states that the supervisors employed by Defendant are not members of a protected class, but provides no actual facts regarding

the supervisors.  Further, a general statement that Defendant attempted to "discredit, defame, harass and intimidate" Plaintiff, does not provide Defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.

Dismissal of a case under Fed. R. Civ. P. 12(b)(6) is "a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice." *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1359 (10th Cir. 1989).  As such, in this jurisdiction, the court typically does not dismiss a claim under Fed. R. Civ. P. 12(b)(6) until the plaintiff has been provided notice and an opportunity to amend the complaint to cure the defective allegations.  *See Bellmon*, 935 F.2d at 1109-10.  The Court may dismiss "*sua sponte* when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [her] to amend [her] complaint would be futile." *Id.* (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991)).  Because it is unclear whether Plaintiff can cure her pleading deficiencies, the court recommends that Plaintiff be allowed to file an amended complaint as to <u>only</u> her age and national origin discrimination claims pursuant to Title VII, the ADEA and Section 1981 within **forty-five (45) days** of this Order.

III.   **Conclusion**

For the reasons stated above, the Court RECOMMENDS that all claims asserted by Plaintiff Paul Chester Cannizzo be DISMISSED, that the race and color discrimination claims brought by Plaintiff Mary Flaminia Cannizzo be DISMISSED, and that Plaintiff Mary Flaminia Cannizzo be given forty-five (days) from the date of this Order to file an amended

14

complaint regarding her age and national origin discrimination claims.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file specific, written objections.   A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.   *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).   A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:

__s/ Kristen L. Mix_____
United States Magistrate Judge

Dated:  November 14, 2007