IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-01214-WDM-KLM

MARY FLAMINIA CANNIZZO, and
PAUL CHESTER CANNIZZO,

      Plaintiffs,

v.

LAB CORPORATION OF AMERICA,

      Defendant.

---

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE**

---

Miller, J.

This matter is before me on the recommendation of Magistrate Judge Kristen L. Mix, issued November 14, 2007 (Docket No. 41), that Defendant's Motion to Dismiss (Docket No. 22) be granted in part and denied in part. Plaintiffs filed a timely objection to the recommendation and, therefore, are entitled to *de novo* review of the portions of the recommendation to which objection was made. 28 U.S.C. § 636(b); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988). I must construe Plaintiffs' pleadings liberally and hold them to a "less stringent standard" because they are proceeding *pro se*. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972))). Having reviewed the pertinent portions of the record in this case, I find that the recommendation should be accepted as modified for the following reasons.

Background

This is an employment discrimination case in which Plaintiffs Mary Flaminia Cannizzo and Paul Chester Cannizzo (collectively Plaintiffs) allege that Mary Flaminia Cannizzo (Mrs. Cannizzo) was unlawfully terminated from her position as a Patient Service Technician Specialist at Lab Corporation of American (Defendant). Mrs. Cannizzo was employed by Defendant in the same position from September 10, 2001 to September 6, 2006. Apparently, Defendant accused Paul Chester Cannizzo (Mr. Cannizzo) of violating certain Health Insurance Portability and Accountability Act (HIPAA) provisions. Defendant alleges that Mr. Cannizzo entered Defendant's facility without permission and used Mrs. Cannizzo's computer in violation of HIPAA. Allegedly, due to these violations by Mr. Cannizzo, Mrs. Cannizzo's employment was terminated on September 6, 2006.

Mrs. Cannizzo filed a complaint with the Colorado Civil Rights Division on March 12, 2007 alleging discrimination based on national origin and age. This charge was simultaneously filed with the Equal Employment Opportunity Commission (EEOC). A right to sue letter was mailed to Mrs. Cannizzo on March 15, 2007. Accordingly, Plaintiffs filed this suit on June 8, 2007 pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), and 42 U.S.C. § 1981. The complaint alleges that Defendant discriminated against Mrs. Cannizzo on the basis of "her race, color, or natural [sic] origin," and that "age discrimination is one of the principle motives of terminating Plaintiff(s) Mary Flaminia Cannizzo from her employment." (Compl. ¶ 1, Fifth Claim for Relief.)

On August 8, 2007,[1] Defendant responded to the complaint by filing a motion to dismiss based on Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Docket No. 22). Defendant alleges that the complaint must be dismissed because (1) Mr. Cannizzo does not have standing to sue Defendant under Title VII and section 1981 for adverse employment actions taken against Mrs. Cannizzo; (2) Mrs. Cannizzo did not exhaust her administrative remedies with respect to any claims other than those based on national origin; and (3) the complaint fails to establish a *prima facie* case for discrimination. After reviewing the parties' briefs, Magistrate Judge Mix recommended that (1) the motion be granted with respect to all claims asserted by Mr. Cannizzo; (2) the motion be granted with respect to claims based on race and color asserted by Mrs. Cannizzo; and (3) Mrs. Cannizzo be given forty-five days to amend her complaint with respect to her age and national origin claims so that the complaint states a ground upon which relief can be granted.

## Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) if it does not plead "enough facts to state a

---

[1] Service on Defendant of the initial complaint was attempted on June 14, 2007 (Docket No. 4). However, this summons was incomplete because it did not have an official U.S. Court Seal. Plaintiffs were notified by the Clerk's Office of this deficiency. A complete summons was served on Defendant on June 29, 2007 (Docket No. 6), putting the deadline for answering the complaint at July 19, 2007. Two days before the deadline, Defendant moved for a twenty-day extension of time in which to respond to the complaint (Docket No. 7). I granted this motion (Docket No. 14) which put the deadline for answering the complaint at August 8, 2007.

claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

## Discussion

Magistrate Judge Mix determined that (1) all claims asserted by Mr. Cannizzo be dismissed because he does not have an employment relationship with Defendant as required by Title VII and section 1981; (2) all claims asserted by Mrs. Cannizzo alleging discrimination based on race and color be dismissed for failure to exhaust administrative remedies; and (3) Mrs. Cannizzo be given forty-five days to amend her complaint with respect to her age and national origin claims such that her claims are not dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiffs filed timely objections to Magistrate Judge Mix's recommendation (Docket No. 42). However, the majority of Plaintiffs' objections do not address the bases Magistrate Judge Mix relied upon in coming to her recommendations. *De novo* review is only appropriate for the portions of the magistrate judge's recommendation "to which specific written objection has been made." Fed. R. Civ. P. 72(b). Furthermore,

4

much of Plaintiffs' objections center around issues not raised in prior pleadings. As such, these objections are deemed waived.[2] *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived." (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996))). Therefore, only the portions of Magistrate Judge Mix's recommendation which Plaintiffs address in their objection brief and which were properly briefed in prior pleadings are subject to *de novo* review. Even under a liberal construction, as I am required to apply because Plaintiffs are proceeding *pro se*, the objection presents only a single argument that is subject to *de novo* review. *See Hall*, 935 F.2d at 1110 ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." (citing *Haines*, 404 U.S. at 520–21)).

Plaintiffs argue that the claims asserted by Mr. Cannizzo should not be dismissed because Mr. Cannizzo did have a "connection" to Defendant. In support they argue that the definition of "connection" is "a connection, a significant connection, a feeling towards somebody else." (Obj. at 2.) However, to maintain a Title VII or Age Discrimination in Employment Act (ADEA) claim, there must be an employment relationship, not merely a "connection." *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991) ("'Title VII protections apply only where there is some connection with an employment relationship.' The same is true of the protections afforded by the ADEA."

---

[2] I note, however, that these arguments concerning service of process, extensions of time, and service of filings on Plaintiffs do not affect the motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

(quoting *Baker v. McNeil Island Corr. Ctr.*, 859 F.2d 124, 127 (9th Cir. 1988) and citing *Messina v. Kroblin Transp. Sys., Inc.*, 903 F.2d 1306, 1308 (10th Cir. 1990))). In this case, Plaintiffs have identified no relationship between Mr. Cannizzo and Defendant beyond that "he is the cause of the suit and is the spouse of Mary for the past 40 years." (Resp. at 3.) This is insufficient, however, to sustain a claim based on either Title VII or the ADEA as it does not equate to an employment relationship which is required under both statutes.

Furthermore, to maintain a section 1981 claim, a Plaintiff "must initially identify an impaired 'contractual relationship' . . . under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). Therefore, "[s]ection 1981 plaintiffs must identify injuries flowing from a [discriminatory] motivated breach of their own contractual relationship, not of someone else's." *Id.* at 479; *Caddy v. J.P. Morgan Chase Bank*, 237 Fed. Appx. 343, 345 (10th Cir. 2007) (quoting *Domino's Pizza*, 546 U.S. at 479). In this case, Plaintiffs have failed to identify an impaired contractual relationship between Mr. Cannizzo and Defendant. Therefore, I agree with Magistrate Judge Mix that all claims asserted by Mr. Cannizzo should be dismissed.

Plaintiffs offer no objection to Magistrate Judge Mix's findings that Mrs. Cannizzo's claims for discrimination based on race and color should be dismissed for failure to exhaust administrative remedies or that Mrs. Cannizzo's claims based on national origin and age should be dismissed absent an amended complaint.[3]

---

[3] Magistrate Judge Mix determined that Mrs. Cannizzo's claims for discrimination based on national origin or age should be dismissed because the complaint only states generalized accusations regarding discrimination and does not

However, Magistrate Judge Mix also determined that Mrs. Cannizzo should be granted leave to amend her complaint to avoid dismissal of her claims for discrimination based on national origin and age.[4] I have reviewed the recommendation and the supporting law and discern no error; therefore, Magistrate Judge Mix's recommendation shall be accepted.[5] The only modification to the recommendation that I see as appropriate is to limit the time frame for amendment to thirty days from the date of this Order.

Accordingly, it is ordered:

---

provide a "enough facts to state a claim for relief that is plausible on its face." (Rec. at 13.); see Kendrick v. Penske Transp. Servs., 220 F.3d 1220, 1227 (10th Cir. 2000) ("The critical prima facie inquiry in all cases is whether the plaintiff has demonstrated that the adverse employment action occurred 'under circumstances which give rise to an inference of unlawful discrimination.'" (quoting Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253–54 (1981))). However, Magistrate Judge Mix determined that Mrs. Cannizzo should be given leave to amend their complaint to cure this deficiency only as to her claims for discrimination based on national origin and age.

[4] I note that Plaintiffs' response brief alleges new facts which may support a claim for discrimination. However, new factual allegations made in the briefing not alleged in the complaint may only be considered on a motion to dismiss if the new factual allegations are consistent with those alleged in the complaint. See Hayes v. Whitman, 264 F.3d 1017, 1025 (10th Cir. 2001) ("While it might be appropriate for a court to consider additional facts or legal theories asserted in a response brief to a motion to dismiss if they were consistent with the facts and theories advanced in the complaint, . . . a court may not consider allegations or theories that are inconsistent with those pleaded in the complaint."). In this case, because Plaintiffs will have the opportunity to amend their complaint, I need not determine if Plaintiffs' additional allegations contained in their response brief are consistent or inconsistent with the factual allegations in the complaint.

[5] I note that allowing Plaintiffs an additional opportunity to amend their complaint is not necessary when there is a motion to dismiss because a motion to dismiss provides notice and opportunity to amend. See Hall v. Bellmon, 935 F.2d 1106, 1109–10 (10th Cir. 1991). However, because Plaintiffs are proceeding pro se and it appears that they may be able to state a claim upon which relief may be granted, I conclude that granting Plaintiffs leave to amend is appropriate.

1. The recommendation issued by Magistrate Judge Mix on November 14, 2007 (Docket No. 41), is accepted as modified.

2. Defendant's Motion to Dismiss, filed August 8, 2007 (Docket No. 22), is granted with respect to (a) all claims asserted by Mr. Cannizzo and (b) all claims asserted by Mrs. Cannizzo for discrimination based on race or color.

3. Mrs. Cannizzo has thirty days from the date of this Order to amend her complaint with respect to her claims of discrimination on the basis of national origin and age. If no amended complaint is filed, Plaintiffs' complaint is dismissed in its entirety. If an amended complaint is filed, Defendant may file an second motion to dismiss if warranted.

DATED at Denver, Colorado, on January 3, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge