IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01214-WDM-KLM

MARY FLAMINIA CANNIZZO,

   Plaintiff,

v.

LAB CORPORATION OF AMERICA,

   Defendant.
_____

**MINUTE ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Compel Plaintiff(s)** [sic] **Interrogatories** [Docket No. 43; filed December 12, 2007] ("Motion to Compel"). The Court has reviewed the Motion to Compel, Defendant's Response [Docket No. 45; filed December 21, 2007], the case file, and applicable case law, and is sufficiently advised in the premises. IT IS HEREBY **ORDERED** that the Motion to Compel is **DENIED**, as set forth below.

Plaintiff requests that the Court compel Defendant to respond to Plaintiff's interrogatories. As Plaintiff here is proceeding *pro se*, the Court construes her pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003). As a preliminary matter, Defendant alleges that Plaintiff failed to confer pursuant to

1

D.C.Colo.L.Civ.R. 7.1, prior to filing her Motion to Compel. In an email sent to Plaintiff on November 9, 2007, Defendant's counsel reminded Plaintiff of the obligation to confer prior to filing motions, and invited Plaintiff to contact her by phone in order to discuss the instant discovery dispute. *Response*, Ex. C. Defendant states that Plaintiff did not respond to the email, nor did she contact Defendant's counsel prior to filing her Motion to Compel. *Response*, p. 2. The Plaintiff is reminded yet again that the Court takes the duty to confer imposed by D.C.Colo.L.Civ.R. 7.1 very seriously. Rule 7.1A requires "meaningful negotiations" by the parties. *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D.Colo. 2003). While failure to confer provides adequate grounds for denial of the instant motion, the Court declines to deny it on those grounds. **However, Plaintiff is warned that, in the future, a failure to engage in meaningful negotiations pursuant to D.C.Colo.L.Civ.R. 7.1 prior to filing motions will result in their summary denial.**

Defendant has submitted Plaintiff's interrogatories as Exhibit A to its Response [Docket No. 45]. Plaintiff's interrogatories, as submitted by Defendant, consist of ten (10) identical questions directed to thirteen (13) different individuals, creating a total of 130 interrogatories. *Response*, Ex. A. None of the individuals to whom Plaintiff has directed her interrogatories are parties to the lawsuit. Pursuant to Fed. R. Civ. P. 33(a), "any party may serve upon any other *party* written interrogatories, *not exceeding 25 in number including all discrete subparts* . . . ." (emphasis provided). As such, Plaintiff's interrogatories are improper for two reasons. First, they are impermissibly directed to non-parties. Plaintiff may only direct interrogatories to Lab Corporation of America, the named

2

Defendant. To the extent that Plaintiff seeks information from non-parties, she must use other discovery tools (e.g. depositions, subpoenas duces tecum) for that purpose. Second, Plaintiff has exceeded the permissible number of interrogatories by 105 questions, as Fed. R. Civ. P. 33(a) limits interrogatories to 25 in number. The parties agreed to abide by that limit in the Scheduling Order entered October 25, 2007 [Docket No. 36; at 5]. Although I note that Plaintiff is proceeding *pro se*, it still remains true that she must follow the rules of procedures that govern all litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). Accordingly, IT IS HEREBY **ORDERED** that Plaintiff's **Motion to Compel Plaintiff(s)** [sic] **Interrogatories** [Docket No. 43; filed December 12, 2007] is **DENIED**.

Finally, Defendant has requested that it be awarded its fees and costs incurred in responding to the Motion to Compel. In the email sent to Plaintiff on November 9, 2007, Defendant's counsel cautioned Plaintiff that she would seek fees and costs were she successful in opposing a Motion to Compel. Despite the fair warning provided to Plaintiff, she persisted in filing this non-meritorious Motion without first conferring with Defendant. As such, I find that entry of sanctions is appropriate.

Therefore, IT IS HEREBY **ORDERED** that Defendant shall file an affidavit detailing the fees and costs incurred in responding to Plaintiff's Motion to Compel within **fifteen (15) days** of the date of this Order. The Court will award fees and costs to be paid by Plaintiff as it sees fit, in the hope that Plaintiff will take the requirements of the Federal Rules of

Civil Procedure and the Local Rules of Practice in the United States District Court for the District of Colorado more seriously in the future.

BY THE COURT:
\_\_s/ Kristen L. Mix_____
United States Magistrate Judge

Dated: January 4, 2008