IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01214-WDM-KLM

MARY FLAMINIA CANNIZZO,

    Plaintiff,

v.

LAB CORPORATION OF AMERICA,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Motion for Entry of Judgment** [Docket No. 55; filed March 7, 2008] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.L.Civ.R. 72.1.C., the matter has been referred to this Court for recommendation. The Court notes that Plaintiff has filed no response to the Motion as of the date of this Order. The Court has reviewed the Motion, the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, I respectfully **RECOMMEND** that the Motion be **GRANTED**, as set forth below.

Defendant requests that the Court enter final judgment in its favor on all claims brought by Plaintiff, as well as judgment in the amount of $750.00. *Motion* [#55], p. 1.

By Order dated January 3, 2008, District Judge Walker D. Miller accepted my recommendation that all claims asserted by (former) Plaintiff Paul Chester Cannizzo be dismissed, that all claims asserted by Mary Flaminia Cannizzo ("Mrs. Cannizzo") for

discrimination based on race or color be dismissed, and that Mrs. Cannizzo have thirty days from the date of that Order to amend her complaint with respect to her claims of discrimination on the basis of national origin and age [Docket No. 45]. District Judge Miller's Order expressly stated that, "[i]f no amended complaint is filed, Plaintiffs' Complaint is dismissed in its entirety."

Next, by Order dated January 4, 2008, I denied Plaintiff's Motion to Compel [Docket No. 47]. I found that "[d]espite the fair warning provided to Plaintiff, she persisted in filing [the] non-meritorious Motion [to Compel] without first conferring with Defendant. As such, I find that entry of sanctions is appropriate." *January 4, 2008 Order*, p. 3. Accordingly, I ordered Defendant to file an affidavit detailing the fees and costs incurred in responding to Plaintiff's Motion to Compel. Defendant filed such an affidavit on January 8, 2008 [Docket No. 49]. By Order dated January 29, 2008, I considered the affidavits filed by Defendant and ordered Plaintiff to pay $750.00 toward the attorney fees incurred by Defendant on or before February 19, 2008 [Docket No. 52]. I stated that Plaintiff's failure to pay Defendant would result in a recommendation that judgment be entered in favor of Defendant and against Plaintiff in the amount of $750.00.

Plaintiff filed an objection to my January 29, 2008 Order, which was denied by District Judge Miller on May 1, 2008 [Docket No. 57]. Judge Miller noted that it was well within my authority to order discovery sanctions and that Plaintiff did not dispute that she failed to comply with the applicable rules, nor did she dispute that the amount awarded was reasonable.

Defendant states that as of the date of its Motion, March 7, 2008, Plaintiff had not paid any portion of the $750.00 sanction to Defendant. Defendant also states that as of March 7, 2008, more than sixty days had passed since Judge Miller issued his Order allowing Mrs. Cannizzo to file an amended Complaint within thirty days. As such, Defendant requests that the Court enter judgment in favor of Defendant, and also against Plaintiffs in the amount of $750.00. As of the date of this Order, Plaintiff has filed no response to Defendant's Motion.

Plaintiff has not filed an Amended Complaint within the time period set out by Judge Miller's Order, and has not paid the $750.00 sanction as required by my Order. Plaintiff has been warned that failure to file an Amended Complaint would result in summary dismissal of her case. Accordingly, I respectfully **RECOMMEND** that this action be **DISMISSED with prejudice** for failure to comply with District Judge Miller's Order regarding the filing of an amended complaint.

I further **RECOMMEND** that judgment be entered in Defendant's favor and against Plaintiff in the amount of **$750.00**.

FURTHER, IT IS **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this Recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197,

1199-1200 (10th Cir. 2000). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: May 7, 2008