IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 07-cv-01214-WDM-KLM

MARY FLAMINIA CANNIZZO and
PAUL CHESTER CANNIZZO,

    Plaintiffs,

v.

LABORATORY CORPORATION OF AMERICA,

    Defendant.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on a recommendation by Magistrate Judge Kristen L. Mix, issued May 7, 2008 (Docket No. 58), that Defendant's Motion for Judgment (Docket No. 55) be granted and the action be dismissed with prejudice for failure to file an amended complaint and failure to pay sanctions to Defendant as ordered by the Court. Plaintiffs did not file an objection to the recommendation and, therefore, are not entitled to *de novo* review. 28 U.S.C. § 636(b); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988). As Plaintiffs are proceeding *pro se*, I must construe their pleadings liberally and hold them to a "less stringent standard." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972))).

This is an employment discrimination case in which Plaintiffs Mary Flaminia Cannizzo ("Mrs. Cannizzo") and Paul Chester Cannizzo ("Mr. Cannizzo") allege Defendant, Mrs. Cannizzo's employer, unlawfully terminated her based on Mr. Cannizzo's actions at Mrs. Cannizzo's workplace. By Order dated January 3, 2008, I dismissed all claims asserted by Mr. Cannizzo and all claims asserted by Mrs. Cannizzo for discrimination based on race or color. (*See* Docket No. 58.) I also instructed Mrs. Cannizzo to file an amended complaint within thirty days for her discrimination claims based on national origin and age and warned her that "[i]f no amended complaint is filed, Plaintiff's complaint is dismissed in its entirety." Mrs. Cannizzo has not filed an amended complaint.

In an Order dated January 4, 2008, Magistrate Judge Mix denied Plaintiff's motion to compel responses to interrogatories, concluding that the interrogatories were improper because they were directed at non-parties and exceeded the maximum allowable number under Fed. R. Civ. P. 33(a). (*See* Docket No. 47.) With respect to Plaintiff's failure to comply with D.C.COLO.LCivR 7.1A, Magistrate Judge Mix determined that "[d]espite the fair warning provided to Plaintiff [regarding Rule 7.1A], she persisted in filing [the] non-meritorious Motion without first conferring with Defendant." *Id.* Therefore, Magistrate Judge Mix determined that sanctions were appropriate. *Id.* After receiving Defendant's affidavits regarding attorney's fees, Magistrate Judge Mix ordered Plaintiff to pay $750.00 toward the attorney's fees incurred by Defendant in responding to Plaintiff's motion to compel. (*See* Docket No. 52.) Magistrate Judge Mix also warned Plaintiff that a failure to pay Defendant by

February 19, 2008 would result in a recommendation that "judgment be entered in favor of Defendant and against Plaintiff" in the amount of $750.00. *Id.* Plaintiff objected to Magistrate Judge Mix's order, but I denied the objection. (*See* Docket No. 57.) Defendant asserts that Plaintiff has not paid any portion of the $750.00 sanction imposed by Magistrate Judge Mix.

As Mrs. Cannizzo did not file an amended complaint and did not pay any portion of the $750.00 sanction to Defendant, Defendant moved to dismiss the complaint. (*See* Docket No. 55.) Magistrate Judge Mix recommends that the motion be granted, the case be dismissed in its entirety with prejudice, and judgment be entered in Defendant's favor and against Plaintiff in the amount of $750.00. Given the circumstances of this case, I agree. A district court may dismiss a case for failure to comply with [local rules], the Federal Rules of Civil Procedure, or any court order." D.C.COLO.LCivR 41.1; *see also* Fed. R. Civ. P. 41(b). However, "dismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of the justice.'" *Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Before choosing dismissal as a sanction, a court must consider: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

In this case, Defendant is prejudiced by Plaintiff's failure to comply with my order requiring an amended complaint as it cannot determine the nature of Plaintiff's claims against it. Furthermore, Plaintiff's failure to comply with orders of the court including sanctions interferes with the judicial process. Plaintiff is solely responsible for the failure to comply. Plaintiff was warned of the action both by myself and by Magistrate Judge Mix. Finally, I do not believe that lesser sanctions are appropriate in this case.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Mix, issued May 7, 2008 (Docket No. 58) is accepted.

2. Defendant's Motion for Judgment (Docket No. 55) is granted.

3. Judgment shall enter in favor of Defendant and against Plaintiff for $750.00 pursuant to Magistrate Judge Mix's Orders dated January 4, 2008 (Docket No. 47) and January 29, 2008 (Docket No. 52).

4. This case is dismissed with prejudice.

5. Defendant may have its costs.

DATED at Denver, Colorado, on October 2, 2008.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge